IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| GREGORY LYNN SUMMERS, | § | |
| | § | |
| Petitioner, | § | Civil Action No. 6:01cv139 |
| vs. | § | |
| | § | |
| DOUG DRETKE, Director, Texas Department of Criminal Justice, Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Petitioner Gregory Lynn Summers' ("Summers") motion to alter or amend judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure (docket entry # 30), filed on March 19, 2004. The Court, having considered the circumstances alleged and authorities cited in the motion, finds that it is well-taken in part and it will be granted in part and denied in part.

Summers was convicted of capital murder in state court and sentenced to death. After exhausting his state remedies, he brought an application for a writ of *habeas corpus* in this Court. On March 4, 2004, the Court granted summary judgment for the Director on all of Summers' claims. On March 18, the Court denied that motion, and on that same date, Summers filed the present motion.

To prevail on a motion to alter or amend a judgment, a movant must clearly establish either a manifest error of law or fact or must present newly discovered evidence. *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990).

Summers first contends that the Court erred in stating that the respondent filed a motion for summary judgment. Summers is correct; Although the Court interpreted the Director's arguments as requests for summary judgment, his answer did not state that it was also a motion for summary judgment. The judgment will be amended to correct this error.

Summers next contends that the Court resolved factual issues as if it were not deciding a motion for summary judgment, but then stated its conclusions as if it had. Although the Court does not necessarily agree that its use of the summary judgment standard in its conclusions was erroneous, it will amend its judgment to state its conclusions without using that standard.

Summers also contended that the Court erred in granting summary judgment without providing him notice that the Court was considering doing so, and erred in deciding that summary judgment was warranted. Because the amendments to the judgment render these contentions moot, they will be denied.

IT IDS THEREFORE ORDERED that Summers' motion to later or amend judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure is GRANTED IN PART. An amended judgment will be entered.

SIGNED this 24 day of March, 2004.

THAD HEARTFIELD
CHIEF UNITED STATES DISTRICT JUDGE